We'll hear the final case on the calendar. Jenkins. You may proceed. Thank you, Your Honor. And since I moved up to Washington County in 1998, I've been harassed by local officers that's in the lawsuit. And as they got promoted, they got the positions, and they decided to come after me. I'm here today to see why the district judge did not grant a leave to amend when I put my amended complaint in. Because my case does have merits. I knew every officer that was involved actually knew me personally, knew what I looked like, knew I was black. The guy that allegedly did the drugs here was a white person in the photographs. They was right there, they seen that I was working in a woodpile. Yet they still bring this fake evidence to the district attorney's office and had got a seal indictment. I was not entitled to go before the grand jury to explain that this is not me. And I spent five months and two weeks in jail fighting. I lost my business. I missed my kids. Came home and I proceeded to file a lawsuit, and it was dismissed in the federal court without any discovery, without any pleadings. Our challenge here at the Court of Appeals is that before we can even get to the merits. We have to have jurisdiction over the case, which in part means that we have to have the ability to review the underlying judgment. And your opponents argue that your motion was, your post-judgment motion was not timely and did not toll the 30-day jurisdictional deadline within which you had to appeal. All means to suspend. To suspend, which you had to appeal the judgment. Could you tell us something about the timeline in which you filed? And because that's the first thing. Even if we wanted to, however much we might have wanted to reach the merits before we can do that. We have to satisfy this jurisdictional question. Well, when the case got to Smith in 2015, August 27th, I seek counsel, the counsel that I had did not want to pursue it. So I was seeking counsel, I would call around, I looked on the Internet, called New York City. Just to pursue it and pursue it. And I finally got counsel, I got to speak to Bedlock, Levine and Hoffman's law firm, Wyron Bedlock. Decided that he was doing his own investigation and then he decided to accept the case. He did his research diligence and he put it in for me. I believe he put in the 60B and the 15A with the leave to amend. And I don't understand the undue delay on this. But part of the problem, just at least from my perspective, so I'm not speaking for the others, but the way I see it is the district court had issued a judgment, right? Yes. Already. And you were trying to deal with that. But we all are bound, we have no choice in this. Your notice of appeal has to be filed within thirty days of the issuance of that judgment. And certain motions can extend that time. But others cannot. And we may be stuck, all of us here, you and the court, with the fact that the time ran out and there was nothing that was stopping it from running out. That it was not, well, can I read the case that I have from this court from Linda Grant Williams, where it's a city group, 2011, where for the Federal Rule of Civil Procedure 15A, declares that the leave to amend should be given freely when justice so requires. If the underlying facts or circumstances relied on by the claim may be proper, subject, or relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reasons such as undue delay, bad faith, or deletery motive on the part of the movement, repeated failure to carry defenses by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of the amendment, etc. The leave should, as the rules require, be freely given. In this case, I didn't have any other opportunity to get a case amended. And all I could do was reach out. I'm just, as a pro se client, I had no attorney. And I did not know what I was doing with the law. Are you back in business, or are you? I'm actually working with somebody else now. But still up there? Yes. You'll have two minutes for rebuttal. Thank you, sir. Good morning, may it please the court. Greg Johnson on behalf of the Washington County Defendants, which includes Washington County, three members of the Sheriff's Department, and three individual members of the District Attorney's Office, who were all sued, along with a total roster of 15 defendants in this case. I obviously have limited time, so I just want to follow up on the timeliness issue and make one comment about the complaint as it relates to our immunity arguments, which are fully briefed. I just want to point out, I think as the record indicates for this court, that it wasn't just the notice of appeal that was 389 days after judgment was entered, as Mr. Jenkins aptly knows, was on August 27th, 2015. So it wasn't just the notice of appeal was late as it relates to the filing of the judgment, his receipt of the judgment. But it was also, in addition to the Rule 60 motion being untimely to take advantage of any tolling, there's actually 32 days that passed between the time of the second DNO. So even if someone was under the misimpression, and he had two attorneys at the time, the misimpression that there was a tolling, which clearly there was not. Even the notice of appeal as it relates to the decision disposing of the rule, the motion to amend, was untimely as well. So there's untimeliness in the notice of appeal, no matter how you look at it, and it's significant, as well as the Rule 60 motion. There are most of the complaint, which is professionally drafted by Mr. Jenkins' first attorney, is- Council, when did that representation end, if you know, otherwise I'll ask him on it. The best I know from the record, Judge, is that when the Rule 60 motion was filed by the Manhattan attorney, that at that point, I believe Mr. Montgomery, the first attorney, made an application to withdraw. I don't have that specific date, but those two things were happening simultaneously. But during that 30-day period, certainly his first 30-day period when he needed to file a notice of appeal, Mr. Montgomery was his counsel of record, and I don't know the date he retained his New York City counsel. That could have overlapped. I just want to point out that if you look at this very prolific complaint, it includes 145 paragraphs, 80 paragraphs of facts. I want to just point out to the court to the extent this court decides to go and address that. In large part, that complaint is a playbook by the criminal defense attorney on how he successfully defended Mr. Jenkins in a trial that he was successful in. But if you're outside of those activities that are alleged, that are clearly covered by absolute immunity and as well as qualified immunity, there are really only two allegations in that complaint that even suggest some kind of unconstitutional conduct. And they're found in paragraph 7 and 38. And I submit that as a matter of law, simply saying that I am African American and that the second set of allegations is that this group of individuals at some time before January 2012, made racial epithets in my presence completely unconnected to this investigation, this arrest, is as a matter of law patently insufficient. So while this is jurisdictionally and time barred, and I suggest you don't need to reach this issue, to the extent this court decides to, Judge Sedabee was correct in disposing of the complaint on those grounds as well. Thank you, unless you have questions. Good morning, your honors. Frank Grady on behalf of the state defendants. I'm aware of the limits on my time. I wanted to mention to the court, and this is referred to in one of the judge's decision, that there was a pending court of claims case that Mr. Jenkins had filed, a case against the state defendants in the New York State Court of Claims. That case went to trial, and a decision was issued in May. The claims against my clients, the claims against the state, based on the alleged actions of defendants Torres and Hurtu, have been dismissed. I believe Mr. Jenkins has timely filed a notice of appeal in that matter. And I assume he'll pursue that. That said, I don't want to belabor the untimeliness of the notice of appeal. I think that's been covered. I did want to talk about, though, that to the extent Mr. Jenkins is appealing from the denial of this Rule 60 motion. I believe the court did not abuse its discretion in denying that. The grounds for the motion, which was filed by counsel, was that it would no longer be equitable to apply the judgment prospectively. However, the judgment is, this case is not the kind of judgment that one would apply prospectively. So it really didn't fall within that provision of Rule 60B, that would be Rule 60B-5. It also, there was an inordinate delay in this matter with respect to the motion for leave to amend. The motion to dismiss was made in April and May, the various motions of 2014. In June of 2014, Plaintiff's Counsel had contacted the defense attorneys and indicated that he intended to file an amended complaint. That was in June 2014. He did not do so. And then the case was dismissed in August of 2015. And it wasn't until 42 days later that the motion to amend the complaint was made. So there was an inordinate delay in any event. So with respect to the Rule 60 motion and the motion to amend, I would submit the court did not abuse its discretion in denying those motions. Unless the court has any questions. Thank you. Good morning, may it please the court. My name is Tom Cullen, here from Burke Scholar Merrill Mortardy and Heard on behalf of the village defendants. One of the benefits of going third, you can kind of truncate your argument. As counsels have pointed out, the plaintiff's papers, the appellant's papers are jurisdictionally deficient. In terms of moving forward, in terms of the failure to state a claim. The allegations, again, as pointed out, are also not only vague and broad based, but vaguely applied to all of the defendants. Even if the court determines that it wants to get to an analysis of whether or not Judge Sotheby's decision was correct, the appellant in his papers has failed to put forth why a 60B motion should have been granted. He has not shown any type of mistake or fraud or offered any new evidence. Finally, in terms of the qualified immunity as to the village defendant officers, the appellant has offered no reasons why officers Bothrop and Gillis should not have been granted qualified immunity. And we would say that Judge Sotheby's decision was correct. And then finally, as to Judge Sotheby, the appellant has not demonstrated that the judge himself could not be impartial or had any type of conflict. Thank you, Your Honor, so unless you have any questions. Thank you. Mr. Firth. Good morning, Your Honors. William Firth on behalf of the City of Glens Falls Appellees. May it please the court. Improvident strategic choices. That's the essence of this appeal. That's really what this is all about. Mr. Jenkins made a conscious, informed decision to not file a motion seeking leave to file an amended complaint. When faced with the appellee's respective motions to dismiss. Motions were granted, judgment was entered. He failed to file a notice of appeal and instead decided to file a Rule 60 motion. Is this when he had counsel or didn't have counsel? It's when he had counsel, Your Honor. So he made the Rule 60 motion. That was denied and it wasn't until that point that a notice of appeal was filed. Mr. Jenkins' appeal is untimely insofar as it relates to the court's decision in order to dismiss the complaint. In this case, under 4A1A, the 30 day time limit under that provision, of course, as the court is aware, is jurisdictional. I acknowledge, as I must, that Rule 60 motions can operate to toll the appellant's time period to file a notice of appeal. But that must be made within a 28 day period, and Mr. Jenkins simply failed to do so. Was he represented by counsel at that time as well? Yes, he was, Your Honor. 4A4A, as I also must acknowledge, is a claim processing rule. And it's not jurisdictional, but the City of Glens Falls Appellees did not waive any objection as to time latest. And quite simply, Mr. Jenkins did not proffer any type of equitable exception that would extend that time period. Next, Your Honors, the Rule 60 motion, which is, of course, a disfavored application in this circuit, as well as in every other circuit, as far as I'm aware. Falls quite short, and really completely short of meeting the highly convincing supporting evidence standard. He failed to articulate any exceptional circumstances to warrant the vacator of the judgment. He instead relied on a single comment, a lone remark, that the proposed amended complaint adds details to his conspiracy claim. That is not a change in the factual landscape to warrant relief under Rule 60B. It does not constitute the highly convincing evidence that he would need in this case. And it certainly doesn't represent exceptional circumstances to render inequitable the judgment that has been in place for over two years now. In any event, the district court did not abuse its discretion in denying the motion. And perhaps it's for this very reason that Mr. Jenkins failed to even argue as much on appeal. Thank you, Your Honors, unless there are any questions. Thank you. Thank you. Jenkins, you'll have two minutes. Your Honor, my appeal was based on the decision for the 60B motion along with the 15A. And at the time I was represented by counsel, there was a time that I did write to Glenn Suddely to discontinue my counsel with William Montgomery because I didn't feel that things was being done right. However, Bill called Glenn up and I guess the decision was coming in. We got the decision, I lost. And again, I was seeking counsel to find to do either a notice of appeal, amended complaint, or a 15A so this could be heard and justice could be done. As far as undue delay, I did five months and two weeks in jail. The defendants in this case, they have money, they're not hurting for anything, there's no delay. Their memory, everything is on paperwork, everything's in black and white. There's no delay on their part, and there's no bad faith on my part. And I just thank you for hearing me out today. Thank you. Thank you, Mr. Jenkins. Thank you all for your arguments. The court will reserve decision. The clerk will adjourn court.